Judge Mills
delivered the Opinion of the Court.
To a petition and summons, on anote stipulating the payment of a sum of money, the defendant pleaded that the note was executed in consideration of a negro woman slave and her child, sold to the defendant by the plaintiff, which wers *273 represented to be the proper slaves of the plaintiff, ■and tliat the slaves were not, at the time, the proper slaves of the plaintiff, but the legal title thereto was in a certain James Fisher 9,11 d John Reuben.
Replication.
Second plea to the consideration of the note sued qn,
Replication,
Verdict and judgment for defendant.
Where defendants pleas can be admitted as truc, and yet t}ie plaintiff be entitled to judgment, verdict for defendant cannot avail him.
An ill plea to the consideration because it did not shew an entire failuf!? of the consideration .
To tliis the plaintiff replied, that at the time of the sale, the slaves were in his possession, and tliat in pursuance of the sale, lie delivered the possession of them tq the defendant, and that he still held and peaceably detained them, whereby the considera-, tion of the note had not wholly failed. To chis replication there was nq rejoinder.
Pending the suit, and after a trial and new trial, the defendant added another plea to this effect:
“That the slayes, at the time of the sale were unsound and affected with a consumption, with which, since the last continuance of the cause, they had died, which unsoundness the plaintiff had fraudulently concealed at the sale, so that the consideration jhad utterly failed.”
Tq this the plaintiff replied, that there had not been an entire failure of consideration, and that he had npt epneealed the unsoundness of said slaves from the defendant, at the time of the sale aforesaid.
On the issues standing thus, a jury was sworn who found a verdict for the defendant; to reverse •which this writ of error is prosecuted.
It is clear that np judgment rendered for the defendant in such case, can stand, if his pleas can be admitted as true, and yet the plaintiff he entitled in law to recover. That,.we apprehend, is tjie case Jiere, and the issues attempted to be made up are immaterial.
As to the first plea, it is ■ clear that the plaintiff might not have been possessed pf the legal title of the slaves at the sale, but yet might he entitled to the use and possession thereof, and such an interest might even be the subject of sale. That use and possession might have been delivered to tiie defendant, which would form at least a partial consideration of the note; and it is well settled, that a plea 'yvhich attempts to impeach and go into the consid *274 eration of a written instrument, must show an entire, and not a partial failure of consideration.
Verdict for defendant, where he failed to rejoin to an affirmative replication, avails not.
One imposed on in the purchase of a diseased slave, ought to immediately offer to restore the property, or shew why he did not.
If there bo any value received out of the property, the plea to the consideration fails.
Judgment reversed because the issue, found for defendant, who committed first fault, were immaterial, and repleadors awarded.
Turner, for plaintiff; Robertson, for defendant.
Add to this, the plaintiff replied, such delivery of possession and subsequent continued use thereof since the sale, which was sufficient to avoid the plea if good. In answer to this the defendant was silent, and therefore there was on this first plea, no issue, by the omission of the defendant himself.
The second plea was equally had. If the slaves were unsound at the sale, and that unsoundness was not disclosed, it was necessary to aver that the plaintiff knew of it. Besides it was indispensable that the defendant on discovering that unsoundness, if he was defrauded by the concealment thereof, should have disaffirmed the contract and tendered hack the slaves, and to have shown that matter in lfis plea; or have set out some good excuse for not having done so, by showing that they were too ill to be. thus restored or the like.
And at all events, if he did not disaffirm the contract, he must show that they have rendered him no service, or that he has derived no benefit from them since the sale. For if he did derive even a partial benefit, he of course received a partial consideration, and for his loss as to the residue, the law gives him an adequate remedy for the fraud, by an action, and he cannot set it up by way of defence.
Because, therefore, the issues are wholly immaterial, the judgment must be reversed with costs, and the verdict be set aside and the cause he remanded, with directions to the court 'below, to set aside all the pleadings subsequent to the declaration, and to award a repleader, and for such further proceedings as may not be inconsistent with this opinion.